UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUSAN A. WILMOTH, | § |
| | § |
|     Plaintiff, | § |
| VS. | §   CIVIL ACTION NO. 4:11-CV-4613 |
| | § |
| FEDERAL HOME LOAN MORTGAGE | § |
| CORPORATION, *et al*, | § |
| | § |
|     Defendants. | § |

## OPINION AND ORDER

Pending before the Court is the Motion for Summary Judgment and Motion to Dismiss (Doc. 15) filed by Defendants Wells Fargo Bank N.A. ("Wells Fargo") and Federal Home Loan Mortgage Corporation ("FHLMC") (collectively, "Defendants") against all claims brought by Plaintiff Susan Wilmoth ("Wilmoth," or "Plaintiff").

Having considered the motion, the record, and the applicable law, the Court concludes that the motion should be granted.

I.  **Background**

In 2002, Wilmoth financed her purchase of the real property located at 2723 Cedarmoor Court, Houston, Texas 77082, by executing a Note (Doc. 15-1) in favor of Wells Fargo and a Deed of Trust (Doc. 15-2) to secure payment of the Note. Wilmoth first defaulted under the terms of the Note in 2006, and later defaulted under a Loan Modification Agreement. Compl. ¶ 7, Doc. 1-3; Dolan Decl. ¶ 10, Jan. 18, 2013, Doc. 15-8. Wells Fargo then sent six notices of default, with the final Notice of Default being mailed on December 19, 2010. Notice of Default, Doc. 15-4; Doc. 15-8 ¶ 11.

In April 2011, Wilmoth filed for Chapter 13 bankruptcy protection ("First Bankruptcy"),

Doc. 1-3 ¶ 9, thereby staying any acts to enforce liens against her property, *see* 11 U.S.C. § 362(a)(4), but that case was dismissed on May 24, 2011, Order of Dismissal, Doc. 15-10. On July 5, 2011, Wilmoth filed a second bankruptcy proceeding ("Second Bankruptcy") but did not file a motion for continuation of the automatic stay, and on August 23, 2011, the Second Bankruptcy was dismissed. *See* Bankruptcy Pet. No. 11-35823, Docket Sheet, Doc. 15-11. On August 12, 2011, Wells Fargo mailed Wilmoth a Notice of Acceleration and Notice of Substitute Trustee's Sale ("Notice of Acceleration," Doc. 15-5), Howell Aff. ¶ 7, Jan. 7, 2013, Doc. 15-7, and on September 6, 2011, executed the foreclosure sale, Doc. 1-3 ¶ 13.

## II.     Legal Standard

Summary judgment is proper if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The substantive law governing the claims determines the elements essential to the outcome of the case and thus determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the nonmovant bears the burden of proof at trial, the movant need only point to the absence of evidence supporting an essential element of the nonmovant's case; the movant does not have to support its motion with evidence negating that case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the movant succeeds, the nonmovant can defeat the motion for summary judgment only by identifying specific evidence of a genuine issue of material fact. *Anderson*, 477 U.S. at 248-49.

## III.    Discussion

Wilmoth states a cause of action for wrongful foreclosure based on (i) Wells Fargo's alleged violation of the automatic stay pursuant to the Second Bankruptcy, Doc. 1-3 ¶¶ 10, 13;

and (ii) Wells Fargo's alleged failure to provide Wilmoth with 21 days' notice prior to the foreclosure sale, as required by Texas Property Code § 51.002, Doc. 1-3 ¶¶ 13, 15.[1]

### A.   *Automatic Stay*

In general, the purpose of an automatic stay pursuant to an application for bankruptcy is "to protect the debtor's assets, provide temporary relief from creditors, and further equity of distribution among the creditors by forestalling a race to the courthouse." *Reliant Energy Servs., Inc. v. Enron Can. Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (internal quotation mark omitted). Specifically, filing for bankruptcy protection operates as a stay of "any act to . . . enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). But if a debtor files a second bankruptcy case within one year of the pendency of a first, dismissed case, a stay pursuant to the first case automatically terminates 30 days after filing the second. 11 U.S.C. § 362(c)(3)(A). Once the stay is terminated, foreclosure proceedings may proceed in accordance with Texas law. *In re Euler*, 389 F. App'x 415, 417 (5th Cir. 2010).

In this case, the First Bankruptcy was dismissed on May 24, 2011, and on July 5, 2011, Wilmoth filed the Second Bankruptcy. As a result, the automatic stay pursuant to the First Bankruptcy terminated thirty days later, and as of that date—August 4, 2011—foreclosure could proceed. Therefore, resumption of the foreclosure process on August 12, 2011 was proper. Wilmoth offers no evidence disputing the termination of the automatic stay; accordingly, her claim that Wells Fargo violated that stay fails as a matter of law.

### B.   *Notice*

Under Texas law, there are three elements of wrongful foreclosure: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection

---

[1] Wilmoth also requests exemplary damages for "Defendants' gross negligence, malice, or actual fraud," Doc. 1-3 ¶ 16, but does not state any related causes of action. To the extent that Wilmoth intends to do so, however, she does not allege even a single fact that would support such causes of action; therefore, they fail as a matter of law.

between the defect and the grossly inadequate selling price. *Pollett v. Aurora Loan Servs.*, 455 F. App'x 413, 415 (5th Cir. 2011) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. 2008)). Failure to comply with the notice requirements set forth in the deed of trust and prescribed by law constitutes a defect in the foreclosure sale proceedings. *Univ. Sav. Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982).

The evidence in the record shows that Wells Fargo sent Wilmoth the Notice of Default on December 19, 2010; that Wilmoth never cured the default; and that Wells Fargo conducted the foreclosure sale 25 days after sending sent the Notice of Acceleration. Wilmoth offers no evidence contradicting these facts; moreover, she fails to allege any facts under the second or third prongs of wrongful foreclosure. Therefore, this claim also fails as a matter of law.

## IV.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' motion (Doc. 15) is **GRANTED** and Plaintiff's complaint (Doc. 1-3) is **DISMISSED**.

SIGNED at Houston, Texas, this 6th day of August, 2013.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　MELINDA HARMON
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE