UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SUSAN A. WILMOTH, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:11-CV-4613 |
| § | |
| FEDERAL HOME LOAN MORTGAGE § | |
| CORPORATION, *et al*, § | |
| § | |
| Defendants. § | |

## **OPINION AND ORDER**

Pending before the Court is the Motion for Entry of Order Awarding Attorney's Fees and Costs (Doc. 31) filed by Defendants Federal Home Loan Mortgage Corporation and Wells Fargo Bank, N.A. (collectively, "Defendants"). Plaintiff Susan Wilmoth ("Plaintiff") has not filed a response, therefore, pursuant to Local Rule 7.4, the motion is deemed unopposed.

On August 6, 2013, this Court entered its Opinion and Order (Doc. 29) and Final Judgment (Doc. 30), granting Defendants' Motion for Summary Judgment (Doc. 15) on all of Plaintiff's claims and dismissing Plaintiff's case. According to the Deed of Trust ("Deed") (Doc. 31-3) underlying the parties' dispute, costs incurred by Defendants in protecting their interest in the disputed property and their rights secured under the Deed become additional debt of the borrower, i.e., Plaintiff. Doc. 31-3 ¶ 9. Such costs include, among others, reasonable attorneys' fees. Doc. 31-3 ¶ 9.

"A fee award is governed by the same law that serves as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). In this case, Texas law controls, and, under Texas law, a party may recover attorneys' fees when such recovery is provided for in a deed of trust. *Velazquez v. Countrywide Home Loans*

*Servicing, L.P. (In re Velazquez)*, 660 F.3d 893, 899 (5th Cir. 2011). In addition, "[f]ees need not be allocated when the matters entailed in the claims … are intertwined, arise from the same transaction, and require essentially the same facts." *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987) (awarding attorneys' fees for securities, breach of contract, and DTPA claims that were all based on the same facts). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

In support of their motion, Defendants have submitted the affidavits of two lawyers, George A. Kurisky, Jr. (Doc. 31-4) and Branch M. Sheppard (Doc. 31-5), along with the time and expense records pertaining to this case (Doc. 31-5 at 3–11). The records reflect that Mr. Kurisky billed at an hourly rate of $400.00 for his work on the case, three different associates billed an hourly rate of $275.00, and paralegals also contributed to the matter at a rate of $110.00 per hour. Doc. 31 ¶ 20; Doc. 31-5 at 3–11. Defendants' request is based on a blended rate. Doc. 31-4 ¶ 5. Given the record in this case, the Court finds the number of hours worked on the case to be reasonable with the exception that in three instances, without explanation, the individual working on the matter billed more time than he or she actually worked.[1] Therefore, the court has reduced the fee award to the number of hours actually worked (74.55 billable hours) at the reasonable blended hourly rate of $300.00. Thus, the awarded attorneys' fees equal $22,365.00. The addition of $532.57 in expenses brings the total to $22,897.57. Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Award of Attorneys' Fees and Costs (Doc. 31) is **GRANTED** in the amount of **$22,897.57**.

---

[1] On June 22, 2012, SCM worked 2 hours, yet billed 3 hours; on October 1, 2012, JEA worked 1.75 hours, yet billed 1.90 hours; and on October 25, 2012, JEA worked 0.30 hours, and billed 1.30 hours—all billed at a rate of $275.00 per hour.

SIGNED at Houston, Texas, this 5th day of December, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE